IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORION POWER MIDWEST, L.P.,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>**THE AMERICAN COAL SALES COMPANY,** )<br>**MAPLE CREEK MINING, INC., UMCO** )<br>**ENERGY, INC., and ROBERT EUGENE** )<br>**MURRAY,** )<br>)<br>**Defendants.** | 2:05-cv-555 |

## MEMORANDUM ORDER

Now pending before the Court are Defendants' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF MARCH 2, 2007 (Document No. 86) and PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 90). Plaintiff has filed a brief in opposition to the motion for reconsideration (Document No. 91). In addition, both sides have forwarded letters from counsel to the Court.

Procedural History

The procedural history of this case ("*Orion*") is complex. The gravamen of the issue in dispute is whether Plaintiff can pierce the corporate veil to state a claim against Robert Eugene Murray, individually. There is a companion case, *Shenango, Inc. v. American Coal Sales Co., et al*, Civil Action No. 06-149 ("*Shenango*"). *Shenango* and *Orion* arise from coal-supply contracts that contain substantially different terms and conditions. However, the pleadings in the two cases are very similar and the cases have been consolidated for discovery. The cases were initially assigned to Judge Hardiman, who heard the parties' initial arguments regarding the

motion to amend the complaint to pierce the corporate veil in the *Orion* case.  Although Judge Hardiman did not issue a written opinion, he rejected defendants' argument that leave to amend the complaint should be denied as futile, and on March 2, 2007 Defendants' motions to dismiss the veil-piercing cause of action in *Orion* was denied.  On March 16, 2007, Defendants filed an answer in *Orion*.  On April 18, 2007, the *Orion* and *Shenango* cases were reassigned to this member of the Court.

While a parallel motion to dismiss in *Shenango* was pending, the United States Supreme Court issued its opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  The parties disagree as to the breadth of the change *Twombly* represents in the fact/notice pleading standard now applicable in federal court.  At a minimum, as all nine justices agreed, the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968.  The Supreme Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable.

On August 9, 2007, the Court issued a Memorandum Order granting Defendants' motion to dismiss the veil-piercing claims in *Shenango*.  However, the Court provided Shenango with the opportunity to file an amended complaint and explained: "If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." (citation omitted).  Subsequently, Shenango provided notice of its intent to stand on the complaint as filed.

Defendants filed the instant Motion for Reconsideration based on the *Twombly* intervening change in controlling law.  Because the veil-piercing claims in *Orion* and *Shenango*

2

are very similar, Defendants contend that the substantive analysis set forth in the Court's August 9, 2007 Memorandum Order is equally applicable to the *Orion* amended complaint. Orion does not directly dispute this contention. Instead, Orion contends that by seeking leave to file a Second Amended Complaint, it has "provided Defendants with the only relief they reasonably could obtain through their Joint Motion" and therefore, Defendants' motion for reconsideration has been rendered moot.

Discussion

Both parties advance meaningful legal arguments. As an initial matter, the Court agrees with Defendants that the reasoning in its August 9, 2007 Memorandum Order in *Shenango* is applicable to this case and it is hereby incorporated by reference. Defendants' motion is not moot because the First Amended Complaint is still in place. The Court concludes that the veil-piercing counts in Plaintiff's First Amended Complaint do not satisfy the *Twombly* standard. Accordingly, Defendants' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF MARCH 2, 2007 (Document No. 86) is **GRANTED** and Counts IV and V of Orion's First Amended Complaint are dismissed.

However, the Court agrees with Orion that it should be entitled to have an opportunity to replead its veil-piercing counts in order to meet the new *Twombly* pleading standard. The Court permitted Shenango to replead in response to the *Twombly* standard, and the same relief will be afforded Orion, as required by circuit precedent. Accordingly, PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 90) is **GRANTED**. Orion shall be permitted to amend its complaint, if it can do so consistent with the Rules of Civil

Procedure.[1]  A second amended complaint, or notice of intent to stand on the first amended complaint, shall be filed by Orion on or before September 21, 2007.

Orion's counsel requested in a letter to chambers dated August 31, 2007 that the Second Amended Complaint be filed under seal because "some of the supplemental facts averred therein originate from documents the Defendants produced and designated as 'Confidential' pursuant to Judge Hardiman's May 30, 2006 Stipulated Consolidation and Confidentiality Order."  Plaintiff's request to file under seal is **GRANTED**, unless Defendants formally consent to the filing of said Second Amended Complaint without such confidentiality protection.

SO ORDERED this 10th day of September, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[1] The Court makes no findings with respect to the matters raised in the September 5, 2007 letter sent to chambers by defense counsel.  Nor does the Court decide Orion's contention that the scope of Defendants' anticipated responses to the Second Amended Complaint should be limited.

cc: Angelica R. Shepard, Esquire
Email: klgateseservice@klgates.com
Evan A. Bloch, Esquire
Email: klgateseservice@klgates.com

SHENANGO INCORPORATED
Thomas E. Birsic, Esquire
Email: klgateseservice@klgates.com
Carl D. Hill, Esquire
Email: carl.hill@klgates.com


THE AMERICAN COAL SALES COMPANY
MAPLE CREEK MINING, INC.
UMCO ENERGY, INC.
Leonard J. Marsico, Esquire
Email: lmarsico@mcguirewoods.com
Erin N. Fischer, Esquire
Email: efischer@mcguirewoods.com

ROBERT EUGENE MURRAY
Barry Wm. Levine, Esquire
Email: levineb@dicksteinshapiro.com
Christopher T. Leonardo, Esquire
Email: Leonardoc@dicksteinshapiro.com
Daniel C. Garfinkel, Esquire
Email: daniel.garfinkel@bipc.com