IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORION POWER MIDWEST, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-555 |
| v. | ) | |
| | ) | |
| | ) | |
| THE AMERICAN COAL SALES COMPANY, | ) | |
| MAPLE CREEK MINING, INC., UMCO | ) | |
| ENERGY, INC., and ROBERT EUGENE | ) | |
| MURRAY, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM ORDER

Now pending before the Court are the CORPORATE DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT (Document No. 95) filed by the American Coal Sales Company, Maple Creek Mining, Inc., and Umco Energy, Inc.; and the MOTION TO DISMISS COUNT IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT (Document No. 97) filed by Robert Eugene Murray. Also pending is Defendants' JOINT MOTION FOR ORAL ARGUMENT (Document No. 101). The matters have been thoroughly briefed (Document Nos. 96, 98, 99, 102, 103) and are ripe for disposition.

Defendants' JOINT MOTION FOR ORAL ARGUMENT (Document No. 101) will be **DENIED**. The parties have thoroughly briefed the issues in dispute on several prior occasions, and the Court has previously entertained oral argument.

Procedural History

The procedural history of this case ("*Orion*") is complex. The gravamen of the issue in dispute is whether Plaintiff can pierce the corporate veil to state a claim against Robert Eugene

Murray, individually. There is a companion case, *Shenango, Inc. v. American Coal Sales Co., et al*, Civil Action No. 06-149 ("*Shenango*"). *Shenango* and *Orion* arise from coal-supply contracts that contain substantially different terms and conditions. However, the pleadings in the two cases were very similar and the cases were consolidated for discovery. The cases were initially assigned to Judge Hardiman, who heard the parties' initial arguments regarding the motion to amend the complaint to pierce the corporate veil in the *Orion* case. Although Judge Hardiman did not issue a written opinion, he rejected defendants' argument that leave to amend the complaint should be denied as futile, and on March 2, 2007 Defendants' motions to dismiss the veil-piercing cause of action in *Orion* were denied. On March 16, 2007, Defendants filed an answer in *Orion* and some discovery was undertaken. On April 18, 2007, the *Orion* and *Shenango* cases were reassigned to this member of the Court.

While a parallel motion to dismiss in *Shenango* was pending, the United States Supreme Court issued its opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Twombly* represents a change in the standard now governing motions to dismiss. The oft-quoted adage that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. Under *Twombly*, a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable.

On August 9, 2007, applying the *Twombly* standard, the Court issued a Memorandum Order granting Defendants' motion to dismiss the veil-piercing claims in *Shenango*. Defendants then filed a motion for reconsideration in this case, arguing that because the veil-piercing claims in *Orion* and *Shenango* are very similar, those claims in *Orion* must also be dismissed. Plaintiff

2

responded by seeking leave to file a Second Amended Complaint. On September 10, 2007, the Court granted Defendants' motion for reconsideration and dismissed the veil-piercing claims in the First Amended Complaint and also granted Plaintiff's motion to file a Second Amended Complaint. Defendants have now renewed their motions to dismiss the veil-piercing claims in the Second Amended Complaint.

Discussion

Defendants properly articulate the difficult burden Plaintiffs must carry in order to pierce the corporate veil. However, the question at this juncture of the case is not whether Plaintiff will prevail on the merits, but only whether Plaintiff's contentions have sufficient plausibility to survive a motion to dismiss, which will trigger the time and expense of discovery. The term "plausible" is not suspectible of mathematical quantification, but lies somewhere on the rhetorical spectrum between "conceivable" or "speculative" and "probable." The *Twombly* Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged claim plausible.

This Court reviewed the general principles governing complaints seeking to pierce the corporate veil in *Shenango*. Veil-piercing is an extraordinary equitable remedy which generally is employed as an antidote for fraud. In applying the test, courts "must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. Care should be taken on all occasions to avoid making 'the entire theory of the corporate entity * * * useless." *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967) (citations omitted). Under Pennsylvania law, a party may invoke the veil-piercing doctrine to avoid

"injustice," even in the absence of fraud. *Id.* at 272; *Motorola, Inc. v. Airdesk, Inc.*, 2005 WL 894807 *2 (E.D. Pa. 2005) (collecting cases). Thus, the more lenient Rule 8 standard applies and Plaintiff need not satisfy the Rule 9(b) particularity requirement.

Pennsylvania law requires that a veil-piercing claim be "supported by specific factual averments, rather than mere legal conclusions." *Motorola* at *1 (citing *Lumax Indus. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)). Thus, based on public policy, the Pennsylvania Supreme Court refused to permit a veil-piercing claim to proceed where the complaint stated only conclusory allegations. *Lumax*, 669 A.2d at 895. Rather, the pleader must state facts showing a reason to pierce the corporate veil.

On the other hand, Pennsylvania law envisions a factually-intensive test involving numerous, non-dispositive factors. As summarized in *Plastipak Packaging, Inc. v. DePasquale*, 2003 WL 22120971 (3d Cir. September 12, 2003)(unpublished) (citations omitted):

> Under Pennsylvania law, courts apply a totality of the circumstances test when determining whether to pierce the corporate veil and impose alter ego liability. "[T]here is no definitive test for piercing the corporate veil." Pennsylvania generally recognizes that the corporate veil may be pierced "whenever necessary to avoid injustice." We have stated that "[f]actors considered under Pennsylvania law, for example, with respect to the alter ego theory include, but are not limited to, the following: '[T]he failure to observe corporate formalities; non-payment of dividends; insolvency of debtor corporation; siphoning the funds from corporation by dominant shareholders; non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere facade for the operations of a common shareholder or shareholders; and gross undercapitalization.

The Second Amended Complaint is forty-eight pages long and contains 182 numbered paragraphs.[1] Contrary to Defendants' contention, the injustice alleged by Plaintiff is the

---

[1] By way of comparison, the First Amended Complaint was 31 pages in length and contained 142 paragraphs. The Court recognizes that the legal sufficiency of a complaint cannot

4

improper use of the corporate form by Murray to cause his conglomerate of companies to fail to fulfill contractual obligations and to leave Orion without effective recourse at law. Plaintiff calls this a "shell game." There is significantly more factual detail in the Second Amended Complaint. Orion asserts that Murray personally orchestrated and dominated the conduct of the various corporate entities for his own benefit. Paragraphs 83 and 84 aver that Murray considers the assets of his companies to be like cars that he parks in whatever stalls best suit his purposes. The complaint further alleges that physical and financial assets were commingled and reallocated among the various corporate entities without proper corporate formalities pursuant to unwritten agreements. Paragraphs 102-109. *See American Bell, Inc. v. Federation of Telephone Workers of Pennsylvania*, 736 F.2d 879, 886-87 (3d Cir. 1984) (noting a less precise notion of veil-piercing where "the corporations simply acted interchangeably and in disregard of their corporate separateness," citing *Publicker Industries, Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1070 (3d Cir.1979)). Plaintiff avers that American is financially dependent upon other Murray-owned affiliates, Paragraphs 110-121, and points out that information about American's financial condition is solely within the possession of Defendants. Thus, unlike the First Amended Complaint, Plaintiff has not merely recited conclusory averments tracking the factors described in the case law. In sum, the Second Amended Complaint adequately alleges facts sufficient to make the veil-piercing claims plausible. Ultimately, the question of whether the corporate veil should be pierced will be fact-intensive and the Court cannot conclude, at this stage of the litigation, that Plaintiff should be barred from proceeding on its claims.

---

be measured solely by the number of trees consumed in the effort.

Accordingly, the CORPORATE DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT (Document No. 95) filed by the American Coal Sales Company, Maple Creek Mining, Inc., and Umco Energy, Inc. and the MOTION TO DISMISS COUNT IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT (Document No. 97) filed by Robert Eugene Murray are **DENIED**. Defendants' JOINT MOTION FOR ORAL ARGUMENT (Document No. 101) is **DENIED**. Defendants shall file answers to the Second Amended Complaint on or before December 6, 2007. The parties shall meet and confer and submit a Joint Proposed Case Management Order on or before December 6, 2007.

SO ORDERED this 21st day of November, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
ORION POWER MIDWEST, L.P.
    Angelica R. Shepard, Esquire
    Email: klgateseservice@klgates.com
    Evan A. Bloch, Esquire
    Email: klgateseservice@klgates.com

SHENANGO INCORPORATED
    Thomas E. Birsic, Esquire
    Email: klgateseservice@klgates.com
    Carl D. Hill, Esquire
    Email: carl.hill@klgates.com

THE AMERICAN COAL SALES COMPANY
MAPLE CREEK MINING, INC.
UMCO ENERGY, INC.
    Leonard J. Marsico, Esquire
    Email: lmarsico@mcguirewoods.com
    Erin N. Fischer, Esquire
    Email: efischer@mcguirewoods.com

ROBERT EUGENE MURRAY
    Barry Wm. Levine, Esquire
    Email: levineb@dicksteinshapiro.com
    Christopher T. Leonardo, Esquire
    Email: Leonardoc@dicksteinshapiro.com
    Daniel C. Garfinkel, Esquire
    Email: daniel.garfinkel@bipc.com