# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION POWER MIDWEST, L.P., | ) |
| Plaintiff, | ) |
| v. | ) 2:05-cv-555 |
| | ) |
| THE AMERICAN COAL SALES COMPANY, MAPLE CREEK MINING, INC., UMCO ENERGY, INC., and ROBERT EUGENE MURRAY, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANTS' JOINT MOTION TO STAY AND TO CERTIFY NOVEMBER 21 ORDER FOR INTERLOCUTORY APPEAL (Document No. 109). Plaintiff has filed a response in opposition to the motion (Document No. 115). Also pending is DEFENDANTS' JOINT MOTION FOR ORAL ARGUMENT (Document No. 116), to which Plaintiffs have responded (Document No. 117). The matters are ripe for disposition.

The procedural history of this case ("*Orion*") is complex and has been set forth more fully in the Court's prior opinions. The gravamen of the issue in dispute is whether Plaintiff has stated a claim to pierce the corporate veil in its Second Amended Complaint. Judge Hardiman denied Defendants' initial motions to dismiss the veil-piercing claims made in the First Amended Complaint. Defendants then filed answers and some limited document discovery was conducted. While a parallel motion to dismiss was pending in a companion case, *Shenango, Inc. v. American Coal Sales*, Civil Action 06-149 ("*Shenango*"), the United States Supreme Court issued its opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ("*Twombly*"). Applying the new *Twombly* "plausibility" standard, this Court granted Defendants' motions to dismiss the veil-

piercing claims in *Shenango*. Subsequently, the Court granted Defendants' motion for reconsideration in *Orion,* and dismissed the veil-piercing claims in this case as well.

The Court permitted Plaintiff to amend its complaint in its attempt to meet the new *Twombly* pleading standard. On September 12, 2007, Orion filed a Second Amended Complaint. Defendants again filed motions to dismiss the veil-piercing claims. In a Memorandum Order dated November 21, 2007, the Court denied the motions to dismiss and ordered Defendants to file answers. In a Text Order dated December 6, 2007, the Court stayed the deadline for filing answers pending resolution of the instant Motion to Certify for Interlocutory Appeal.

The familiar standard for deciding whether to certify an issue for interlocutory appeal is succinctly set forth in *Russ-Tobias v. Pennsylvania Board of Probation and Parole*, 2006 WL 516771 (E.D. Pa. 2006):

> A district court may certify an order for an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. 1292(b) (2006). In other words, I may certify an interlocutory order for immediate appeal where that order meets three conditions: "[t]he Order must (1) involve a controlling question of law, (2) offer grounds for difference of opinion as to its correctness, and (3) if appealed immediately[,] materially advance the ultimate termination of the litigation."

*Id.* at *32.

Defendants seek certification for interlocutory appeal for several reasons. They contend that the circumstances of this case are exceptional, in that piercing the corporate veil is an extraordinary remedy. They further contend that the Court's rulings are "controlling" because, if reversed, Mr. Murray will be removed from the case. Defendants also point to potential case-management problems at the time of trial, in that the breach of contract claims are to be

2

determied by a jury, while a veil-piercing claim warrants an equitable remedy. Defendants contend that there is a split of authority as to whether a mere breach of contract can serve as an "injustice" to support a veil-piercing claim and Defendants note that the Third Circuit has not yet applied the *Twombly* standard to a veil-piercing claim. Finally, Defendants contend that reversal of the Order will materially advance the litigation by expediting resolution of the contract claims and by avoiding the potentially extensive, contentious and expensive discovery that will be necessitated by the veil-piercing claims. Thus, Defendants reason that certification will cause no unjust delay.

Plaintiff filed a comprehensive response to each of the points raised by Defendants. Initially, Plaintiff argues that there are no "exceptional circumstances" to distinguish this case from any other case in which a motion to dismiss is denied. Plaintiff also argues that there is no controlling question of law in dispute because Defendants do not contest this Court's interpretation of *Twombly* or the elements necessary to state a veil-piercing claim under Pennsylvania law, but instead are challenging the application of that standard to the facts set forth in the Second Amended Complaint. Plaintiff points out that Defendants have mischaracterized the gravamen of its theory of the case, which does not rest on a simple breach of contract but rather on the alleged disregard of the corporate form among the various Murray-related entities. Finally, Plaintiff argues that there is no substantial ground for a difference of opinion, that there would be no injustice in permitting the claims to proceed and that certification for interlocutory appeal would not materially advance the ultimate termination of this litigation.

The Court agrees with Plaintiff. Orders which deny motions to dismiss are generally not

3

immediately appealable. *Tara M. v. City of Philadelphia*, 145 F.3d 625, 627 (3d Cir. 1998).[1]

The Court recognizes that significant time, effort and money will be invested in discovery of the veil-piercing claims in this case. However, discovery is undertaken in virtually every case in which a motion to dismiss is denied and it is a matter of right. *See* Fed. R. Civ. P. 26(b). Defendants will have ample opportunity to challenge the validity of the veil-piercing claims at the summary judgment stage. The Court also acknowledges that the *Twombly* "plausibility" standard could benefit from further amplification. However, this case involves the application of the new federal pleading standard to a fact-intensive, multi-factor Pennsylvania cause of action and therefore is unlikely to be a good vehicle for giving broad amplification to the *Twombly* standard. Defendants have not identified a substantial basis for disagreement about the application of the *Twombly* standard to veil-piercing claims, as only this Court's opinion in *Shenango* granted a motion to dismiss on the basis of *Twombly* and the Court has explained the material differences between the Shenango amended complaint and the Second Amended Complaint at issue. Indeed, the Second Amended Complaint contains numerous, detailed factual allegations that cause the Court to determine that the veil-piercing claims are "plausible." The Court is also persuaded that certification for interlocutory appeal is likely to further delay, rather than expedite, the ultimate disposition of this case, which is now nearing its third anniversary. In sum, the Court declines to certify its November 21, 2007 Order for interlocutory appeal.

Lastly, the Court does not believe that the time, effort and expense of an oral argument

---

[1] Defendant has not asserted the collateral order doctrine, which permits appeal of orders that "1) conclusively determine a disputed question; 2) resolve an important issue separate from the merits of the underlying action; and 3) would be effectively unreviewable on appeal from a final judgment." *Tara M.*, 145 F.3d at 627 (citations omitted). The Court does not reach this issue, but is skeptical that the second prong of the test could be satisfied.

would be justified under the circumstances of this matter at this time.

In accordance with the foregoing, DEFENDANTS' JOINT MOTION TO STAY AND TO CERTIFY NOVEMBER 21 ORDER FOR INTERLOCUTORY APPEAL (Document No. 109) and DEFENDANTS' JOINT MOTION FOR ORAL ARGUMENT (Document No. 116) are **DENIED**. Defendants shall answer the Second Amended Complaint on or before January 3, 2007.

SO ORDERED this 19th day of December, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
ORION POWER MIDWEST, L.P.
    Angelica R. Shepard, Esquire
    Email: klgateseservice@klgates.com
    Evan A. Bloch, Esquire
    Email: klgateseservice@klgates.com

SHENANGO INCORPORATED
    Thomas E. Birsic, Esquire
    Email: klgateseservice@klgates.com
    Carl D. Hill, Esquire
    Email: carl.hill@klgates.com

THE AMERICAN COAL SALES COMPANY
MAPLE CREEK MINING, INC.
UMCO ENERGY, INC.
    Leonard J. Marsico, Esquire
    Email: lmarsico@mcguirewoods.com
    Erin N. Fischer, Esquire
    Email: efischer@mcguirewoods.com

ROBERT EUGENE MURRAY
    Barry Wm. Levine, Esquire
    Email: levineb@docksteinshapiro.com
    Christopher T. Leonardo, Esquire
    Email: Leonardoc@docksteinshapiro.com
    Daniel C. Garfinkel, Esquire
    Email: daniel.garfinkel@bipc.com