IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ORION POWER MIDWEST, L.P., )
                           )
           Plaintiff,      )
                           )  2:05-cv-555
      v.                   )
                           )
                           )
THE AMERICAN COAL SALES COMPANY, )
MAPLE CREEK MINING, INC., UMCO   )
ENERGY, INC., and ROBERT EUGENE  )
MURRAY,                          )
                                 )
           Defendants.

# MEMORANDUM ORDER

Now pending before the Court is DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO RULE 56(d) (Document No. 196) and memorandum of law in support (Document No. 197). Plaintiff has filed a memorandum of law in opposition (Document No. 206). The parties have developed the relevant facts and the motion is ripe for disposition.

Defendants contend that they are entitled to partial summary judgment pursuant to Fed. R. Civ. P. 56(b) on Plaintiff's breach of contract claims against them (Counts I-III) to the extent that Plaintiff relies on the allegation that Defendants were obligated to sell coal to Orion from an alternative source if an event of force majeure prevented Defendants from supplying coal from the Maple Creek High Quality Mine. In the alternative, Defendants seek "an order pursuant to Rule 56(d) that the Contract is a single source contract with Maple Creek's High Quality Mine being the agreed upon exclusive source." Defendants' Memorandum of Law at 6. Plaintiff, in response, argues that the parties' contract did not establish the Maple Creek High Quality Mine as an "exclusive," "single" or "sole" source of coal, but rather, the contract required Defendants

to establish their inability to obtain substitute coal from an alternative source prior to declaring a force majeure event.

Federal Rule of Civil Procedure 56(b) entitles a defendant to "move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Federal Rule of Civil Procedure 56(d)(1) states: "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue" and should then issue an order so specifying.

The parties agree that their contractual agreement consists of a Master Coal Purchase and Sale Agreement ("Master Agreement") dated September 2, 2003, the form Confirmation Notice attached as Exhibit A thereto, and the December 22, 2003 Confirmation Notice executed between Orion Power MidWest, L.P. ("Orion") and The American Coal Sales Company ("American"). For the purpose of the pending motion, the parties have focused on the following provisions.

Section 1.2 of the Master Agreement explains: **"Each Confirmation will list the terms and conditions for the agreed Transaction to supplement this Master Agreeement, including . . . Source(s) . . . and any other relevant terms agreed to by the Parties to the Transaction, including any exceptions to the Master Agreement."** The Master Agreement defines "**Source**" to mean "**the mine(s), mining complexes, loadout(s), or river dock(s) that Seller and Buyer agree are acceptable origins for the Coal for a Transaction as specified in the Confirmation.**" The Confirmation Notice identifies the "**Source**" as: "**Maple Creek Mining, Inc.'s High Quality Mine, located in Washington County, Pennsylvania.**" Section 3.6 of the Master Agreement (Substitute Coal) states, in relevant part: "**In addition to providing**

**the Coal from the Source(s) set out in the Confirmation . . ., Seller shall have the option, subject to Buyer's written approval which shall not unreasonably be withheld, to provide the Coal from any alternate Source that Seller may select, unless otherwise restricted by the subject Confirmation, provided such substituted Coal complies with all Specifications for the Coal to be replaced and is otherwise acceptable to Buyer**." Section 7.1 of the Master Agreement governs Force Majeure. The term "**Force Majeure**" is defined in relevant part in Section 10 of the Master Agreement to mean "**an unforeseen event that is not within the reasonable control of the Party . . . claiming suspension, and which such claiming Party . . . is unable to overcome or obtain or cause to be obtained a substitute therefor**."

It is accurate that the Confirmation Notice of the parties' contract identifies the "Source" as the Maple Creek High Quality Mine. Indeed, Plaintiff does not dispute this basic fact. Plaintiff's Responsive Concise Statement of Material Facts ¶ 6. However, the language of the parties' contract does not permit the Court to draw any of the broader conclusions sought by Defendants.

The Court cannot conclude as a matter of law that the Maple Creek High Quality Mine was intended to be the "exclusive," "single" or "sole" source of coal. No such explicitly-limiting language in relation to the Maple Creek High Quality Mine appears in the subject contract. To the contrary, the contractual language affirmatively recognizes that coal may be provided from a different source. Section 3.6, entitled "Substitute Coal," is one-sided and provides an option only for Seller. However, as relevant to the pending motion, Section 3.6 illustrates that the parties contemplated that the Maple Creek High Quality Mine may not be the exclusive source of coal for the contract. The Seller has an explicit option "to provide the Coal from **any alternate**

3

**Source** that Seller may select." (Emphasis added). Section 3.6 further explains that Seller's ability to provide coal from an alternate Source may be "**otherwise restricted**" in the Confirmation Notice. No such restriction exists in the December 22, 2003 Confirmation Notice in this case. Thus, it appears that the parties did not exercise the contractually-provided method for designating the Maple Creek High Quality Mine as the exclusive source of coal.

As an additional basis for denying the relief sought by Defendants, the contractual definition of "Force Majeure" could reasonably be construed to require Defendants to provide substitute coal from an alternate source. The term "Force Majeure" is defined in the contract as an event which the Party claiming suspension "**is unable to overcome or obtain or cause to be obtained a substitute therefor**." It is not necessary for the Court to make a final interpretation of the Force Majeure clause at this stage of the case. For the purpose of the pending motion, it is sufficient to conclude that Plaintiff's proposed construction of this language, i.e., that Defendants must demonstrate their inability to obtain substitute coal as a condition precedent to a declaration of a force majeure event, is reasonable. *In re Color Tile Inc.*, 475 F.3d 508, 515-16 (3d Cir. 2007) ("Given two conflicting but reasonable interpretations, a contract will be viewed as ambiguous at this early stage in the litigation" such that summary judgment is inappropriate). Moreover, as Plaintiff accurately points out, the asserted force majeure event is a defense, rather than an element of Plaintiff's cause of action.

Accordingly, the Court cannot conclude as a matter of law that the parties entered into an "exclusive," "single" or "sole" source contract or that Defendants are entitled to partial summary judgment on the breach of contract claims asserted in Counts I-III.

In accordance with the foregoing, DEFENDANTS' MOTION FOR PARTIAL

SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO RULE 56(d) (Document No. 196) is **DENIED**.

SO ORDERED this 22nd day of May, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: ORION POWER MIDWEST, L.P.
    Angelica R. Shepard, Esquire
    Email: klgateseservice@klgates.com
    Evan A. Bloch, Esquire
    Email: klgateseservice@klgates.com

THE AMERICAN COAL SALES COMPANY
MAPLE CREEK MINING, INC.
UMCO ENERGY, INC.
    Leonard J. Marsico, Esquire
    Email: lmarsico@mcguirewoods.com
    Erin Fischer Acton, Esquire
    Email: eacton@mcguirewoods.com

ROBERT EUGENE MURRAY
    Barry Wm. Levine, Esquire
    Email: levineb@dicksteinshapiro.com
    Christopher T. Leonardo, Esquire
    Email: Leonardoc@dicksteinshapiro.com
    Daniel C. Garfinkel, Esquire
    Email: daniel.garfinkel@bipc.com
    E. Michelle Tupper
    Email: tupperm@dicksteinshapiro.com
    Lynne C. DeSarbo
    Email: desarbol@dicksteinshapiro.com