# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORION POWER MIDWEST, L.P., | ) |
| Plaintiff, | ) |
| v. | ) 2:05-cv-555 |
| | ) |
| THE AMERICAN COAL SALES COMPANY, MAPLE CREEK MINING, INC., UMCO ENERGY, INC., and ROBERT EUGENE MURRAY, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Now pending before the Court is a discovery-related motion, PLAINTIFF'S MOTION TO COMPEL CORPORATE DEFENDANTS' PRODUCTION OF NON-PRIVILEGED DOCUMENTS IN UNREDACTED FORM (Document No. 211). Defendants filed a brief in opposition (Document No. 213), Plaintiff filed a reply brief (Document No. 217) and Defendants filed a sur-reply brief (Document No. 220). On September 2, 2008, Special Master Arthur Stroyd[1] filed an Amended Proposed Order, which recommended that the motion be granted. On September 9, 2008, CORPORATE DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S AMENDED PROPOSED ORDER DATED SEPTEMBER 2, 2008 (Document No. 224) was filed, with a supporting brief. Plaintiff filed a responsive brief (Document No. 227), and the Special Master filed an Opinion of Special Master (Document No. 228) in accordance with the procedure established by the Court. The matters are now ripe for resolution. The Court is keenly aware of its supervisory duty pursuant to Fed. R. Civ. P. 53(f) to review de novo and

---

[1] Pursuant to the Court's Order dated February 7, 2007, Arthur Stroyd was appointed as a Special Master pursuant to Fed. R. Civ. P. 53 to oversee discovery in this case.

decide objections to the Special Master's proposed orders.

Discussion

The procedural history of this case ("*Orion*") is complex and need not be restated here. The gravamen of the dispute is whether Plaintiff can pierce the corporate veil to state a claim against Robert Eugene Murray, individually, and against other Murray-controlled entities. The Court explained that the veil-piercing test is based on a fact-intensive, multi-factor test which of necessity leads to broad discovery. The specific dispute now at issue is Defendants' practice of redacting allegedly non-responsive information contained in otherwise responsive documents.

Defendants contend that several district courts throughout the country have permitted similar redaction in other cases. Defendants also observe that Plaintiff redacted information on several of the documents it produced in this case. More substantively, Defendants argue that the information that was redacted was not responsive to the discovery requests made by Plaintiff. Orion, not surprisingly, objects vigorously to this "redaction campaign," and expresses concerns about the methodology used to make the redactions. The parties accuse each other of misinterpreting prior orders of this Court. Both parties suggest that an *in camera* review of the redacted and unredacted documents could be performed.[2]

The Special Master recommended that the motion to compel production of unredacted documents be granted, with the exception of information protected by the attorney-client privilege or social security numbers. Based on an extensive review of the relevant caselaw,

---

[2]The Court concludes that under the circumstances of the present matter an *in camera* review is not necessary.

including the cases relied upon by Defendants, the Special Master reasoned that redaction of documents is disfavored and is appropriate only in limited circumstances. The Special Master concluded that "no such special circumstances or legitimate grounds" existed in this case to justify the extensive redactions made by Defendants. The Special Master noted that the strict confidentiality order which is in effect would protect sensitive or proprietary information from unwarranted disclosure. Finally, the Special Master reasoned that the necessarily broad scope of veil-piercing discovery, basic considerations underlying civil discovery practice, and judicial economy weighed heavily in favor of production of unredacted documents.

This Court agrees with the reasoning set forth in the Opinion of Special Master. Defendants' novel interpretation of their discovery obligations is not supported by the text of Fed. R. Civ. P. 34 and would open a fertile new field for discovery battles. Rule 34 talks about production of "documents," as opposed to the relevant information contained in those documents.[3] It is at least implicit that the duty to "produce documents as they are kept in the usual course of business" includes the substantive contents of those documents. *See also* Fed. R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained"). Certainly, a party that seeks to "inspect" a document would anticipate being able to inspect the entire document. This interpretation of Rule 34 is consistent with the guidance in Fed. R. Civ. P. 1 that the Rules be construed to advance the just, speedy and inexpensive determination of cases. There is no express or implied support for the insertion of

---

[3] In their Objections, Defendants contend that Orion has not requested "the information or the documents at issue." However, Defendants already produced the documents at issue, presumably because they determined that the documents *are* responsive. To the extent that an entire document is non-responsive, it need not be produced.

another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information.  In sum, the Court cannot countenance Defendants' "redaction campaign."

Accordingly, CORPORATE DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S AMENDED PROPOSED ORDER DATED SEPTEMBER 2, 2008 (Document No. 224) is **DENIED** and PLAINTIFF'S MOTION TO COMPEL CORPORATE DEFENDANTS' PRODUCTION OF NON-PRIVILEGED DOCUMENTS IN UNREDACTED FORM (Document No. 211) is **GRANTED** in accordance with the Special Master's Proposed Order dated September 2, 2008 and Opinion of Special Master.  Defendants shall provide full and complete responses to Plaintiff's document requests, in unredacted form, on or before October 14, 2008.

SO ORDERED this 30th day of September, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
ORION POWER MIDWEST, L.P.
    Angelica R. Shepard, Esquire
    Email: klgateseservice@klgates.com
    Evan A. Bloch, Esquire
    Email: klgateseservice@klgates.com


THE AMERICAN COAL SALES COMPANY
MAPLE CREEK MINING, INC.
UMCO ENERGY, INC.
    Leonard J. Marsico, Esquire
    Email: lmarsico@mcguirewoods.com
    Erin Fischer Acton, Esquire
    Email: eacton@mcguirewoods.com

ROBERT EUGENE MURRAY
    Barry Wm. Levine, Esquire
    Email: levineb@docksteinshapiro.com
    Christopher T. Leonardo, Esquire
    Email: Leonardoc@dicksteinshapiro.com
    Daniel C. Garfinkel, Esquire
    Email: daniel.garfinkel@bipc.com
    E. Michelle Tupper
    Email: tupperm@dicksteinshapiro.com
    Lynne C. DeSarbo
    Email: desarbol@dicksteinshapiro.com